CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2016

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 7:09CR00027-01 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JANICE MARIE CARTER, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Defendant Janice Marie Carter has filed a motion for reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2).[1] For the following reasons, Carter's motion must be denied.

### Background

On November 6, 2009, Carter entered a plea of guilty to conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Prior to sentencing, the probation officer prepared a presentence report, which designated Carter as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated the applicable Guidelines range based on that provision. At the time of sentencing, the court adopted the presentence report and found that Carter qualified as a career offender. In light of the career offender designation, the guideline range of imprisonment was 262 to 327 months. The court varied from that range and imposed a 180-month sentence.

Carter now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under § 2D1.1 of the Guidelines by two levels. The court previously issued a notice advising Carter that

---

[1] Carter was sentenced by Senior United States District Judge James C. Turk. Judge Turk is deceased and the motion has been assigned to the undersigned district judge.

she may not be eligible for a reduction because of her designation as a career offender under § 4B1.1. The Office of the Federal Public Defender agreed to assist Carter. An attorney in the office has filed a brief in support of Carter's motion. The motion is ripe for disposition.

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).[2]

---

[2] The defendant asserts that Application Note 1(A) is invalid because the Sentencing Commission failed to comply with the notice and comment provisions of the Administrative Procedure Act (APA). However, the defendant does not cite any authority adopting this position, and "every circuit to consider the APA argument has upheld the Note's validity." United States v. Webb, 760 F.3d 513, 520 n.6 (6th Cir. 2014) (citing cases). Likewise, courts have rejected the defendant's argument that the Application Note violates the Ex Post Facto Clause and the separation of powers doctrine, and is inconsistent with § 3582(c)(2). See, e.g., United States v. Adams, 545 F. App'x 659, 661-62 (9th Cir. 2013); United States v. Wright, 562 F. App'x 885, 889 (11th Cir. 2014); United States v. Ware, 694 F.3d 527, 534 (3d Cir. 2012); United States v. Goode, 953 F. Supp. 2d 74, 79 (D.D.C. 2013). The court's review of existing caselaw reveals that the Note's definition of "applicable guideline range" has been applied in every circuit, including the United States Court of Appeals for the Fourth Circuit. See, e.g., United States v. Solomon, No. 16-6009, 2016 U.S. App. LEXIS 6024, at *1 (4th Cir. Apr. 1, 2016); United States v. Moton, 531 F. App'x 377, 378 (4th Cir. 2013).

In this case, Carter's applicable guideline range was her career offender range of 262 to 327 months, which was derived from § 4B1.1 of the Sentencing Guidelines. As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) ("Amendment 782 is not applicable to sentences . . . derived from the career offender provisions in the Sentencing Guidelines."); United States v. Miller, 632 F. App'x 609 n.1 (11th Cir. 2016) ("Amendment 782 . . . does not affect any of the Guidelines' career offender provisions."). Therefore, Carter's applicable guideline range was not affected by Amendment 782. Although the court varied from that range at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because that range has not been lowered by any retroactively applicable amendments to the Sentencing Guidelines, Carter is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction."); United States v. Rinaldi, 623 F. App'x 579, 581 (3d Cir. 2015) ("Rinaldi's applicable guideline range is the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance.") (internal citation and quotation marks omitted).

For these reasons, Carter's motion for reduction of sentence under § 3582(c)(2) must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 11th day of May, 2016.

/s/ Glen Conrad
Chief United States District Judge