IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:09-cr-00027-1 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JANICE MARIE CARTER | ) | United States District Judge |

## MEMORANDUM OPINION

Pending before the court is Janice Marie Carter's motion for a reduced sentence pursuant

to Section 404(b) of the First Step Act of 2018, filed by and through counsel. (Mot. Reduce

Sent., Dkt. No. 159.)[1] The motion is brief, and it asks the court to rule without a hearing. It

simply requests that the court adopt a recently-filed addendum to the PSI and then requests that

the court "reduce her sentence without a hearing to a guideline sentence of 129 months, or time

served, to be followed by four years of supervised release." (Id.)[2] In the addendum, the United

States Probation Office notes that Carter is eligible for a reduction in sentence pursuant to the

First Step Act and 18 U.S.C. § 3582(c)(1)(B). As described in more detail below, the addendum

concludes that Carter's mandatory minimum sentence and applicable guideline range have been

reduced as a result of the First Step Act. It points out that, if the court were to impose a new

sentence with a downward variance in the same proportion that the sentencing court originally

imposed, then her sentence would be reduced from 180 months to 129 months.

---

[1] Carter had previously filed a *pro se* motion requesting relief under the First Step Act. (Dkt. No. 157.)
That motion will be denied as moot.

[2] In a later-filed reply, counsel requests a sentence of 116 months but not less than time served. (Dkt. No.
166 at 3.) The court sees no basis for the 116-month figure, and counsel provides no reason for requesting that
sentence. By contrast, the 129-month sentence that Carter's motion requested is approximately 68.7% of the lower
end of the adjusted guideline range, just as Carter's original sentence was approximately 68.7% of the lower end of
the original guideline range. The reply also asks the court "to adopt the recommendation of Probation in its
Addendum," and that Addendum only references 129 months, not 116. Thus, the court presumes the request for 116
months was a typographical error. The court also notes that the reference to the 129 months being a "guideline
sentence" is also in error; as noted, 129 months is below the adjusted guideline range.

1

For the reasons discussed below, the court will grant defendant's motion to reduce

sentence.  Also pending before the court is the United States' motion to stay (Dkt. No. 163), in

which it requests that the court stay the case in order to allow it to review the case further.  It has

since filed its amended response (Dkt. No. 165).  Accordingly, the motion to stay (Dkt. No. 163)

will be denied as moot.

## I.  BACKGROUND

Carter pleaded guilty to Count One of her indictment, which charged her with conspiring

to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

(Dkt. No. 3.)  At the time, the statutory penalties for that offense, based on 50 grams or more of

cocaine base, were set forth in § 841(b)(1)(A).  The offense carried a mandatory minimum

sentence of ten years and a maximum sentence of life.  (Presentence Investigation Report (PSR)

¶ 94, Dkt. No. 155.)  The supervised release term was five years to life.  (*Id.* at ¶ 97.)

At sentencing, the court found Carter responsible for at least 50 but less than 150 grams

of cocaine base, resulting in a base offense level of 30.  She received a three-level decrease for

acceptance of responsibility, resulting in an adjusted offense level of 27.  Because she was

determined to be a career offender, however, her adjusted total offense level was 34.  Her

criminal history category was a VI, resulting in a guideline range of 262 to 327 months.  (PSR

¶¶ 11–21, 95.)

At sentencing, the government requested a downward variance based on Carter's history

and characteristics and recommended a 180-month sentence, which was the sentence the court

imposed.  That sentence length represented approximately 68.7% of the bottom of the guidelines

range.  The sentencing judge also imposed a five-year term of supervised release.  Carter did not

appeal, but she filed a number of subsequent motions to reduce her sentence and to reconsider

the denial of those motions.  None of those motions were granted, and she has not received any previous reduction in her sentence.

## II.  DISCUSSION

### A.  First Step Act

Carter seeks relief under Section 404 of the First Step Act of 2018.  115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a previously imposed sentence "to the extent otherwise expressly permitted by statute").  Section 404 allows—but does not require—district courts to reduce the sentence of certain defendants sentenced prior to August 3, 2010, the effective date of the Fair Sentencing Act of 2010.  If the court elects to reduce a sentence, it may resentence the defendant as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed.  *See* First Step Act § 404(b).

As the parties agree, Carter meets all the criteria to be eligible for a reduction under Section 404 of the First Step Act.  Specifically, her offense was committed before August 3, 2010, and the statutory penalties applicable to her offense were modified by Section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine."  *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016).  As relevant here, Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams.

As charged, Carter's offense involved 50 or more grams, but less than 150 grams of cocaine base, and the PSR specifically references that she was held responsible for 58.4 grams.  (PSR ¶ 6.)  If the court were to resentence her as if the Fair Sentencing Act were in effect, she

would no longer be subject to the statutory penalties of § 841(b)(1)(A) but would instead be subject to the penalties set forth in § 841(b)(1)(B). Under that provision, Carter's statutory sentencing range is now five to forty years for a term of imprisonment and the statutory term of supervised release would be four years to life.

Carter's guideline range also has been lowered. Applying the drug quantity guidelines in effect now (and again, because of her career offender status), her base offense level would be a 34. After the three-level decrease for acceptance of responsibility, Carter's total offense level would be 31. Her total offense level of 31 and criminal history category of VI results in an adjusted guideline range of 188 to 235 months. (*See* Addendum, Dkt. No. 156.) The Addendum notes that if the court were to grant a variance comparable to the variance at her original sentencing (approximately 68.7% of the bottom of the adjusted guideline range), the result would be a term of imprisonment of 129 months.

According to the Addendum, which was issued in early February 2019, Carter had served approximately 114 months of her total 180-month sentence. (Addendum 3.) She was expected to be released, however, in December 2022, which is only about 43 months from now. Thus, a reduction from 180 months to 129 (which is 51 months), might make her eligible for immediate release.

**B. Parties' Arguments**

As noted, Carter requests a reduction that is proportional to the variance she received at sentencing. In its amended response, the United States acknowledges that Carter is eligible to be considered for a reduction in sentence under the Act. (Am. Resp. 1, Dkt. No. 165.) It also points out that the court may consider reducing her term of supervised release to four years.

With regard to Carter's term of imprisonment, however, the United States now argues that no reduction in her term of imprisonment is warranted. In support of this position, the government notes that her current sentence of 180 months is less than the bottom of the adjusted guideline range.[3]

The government appears to have adopted a policy that proportional variances below the adjusted guideline range should not be granted under the First Step Act except in cases where the original variance or departure was based on a defendant's substantial assistance. (Am. Resp. 7; *see also* Reply 1–2, Dkt. No. 166 (including that characterization of the government's position).) According to the United States, granting a variance below the guideline range would give defendants obtaining relief under the First Step Act benefits that were not afforded to other defendants sentenced after the enactment of the Fair Sentencing Act and granted relief under Amendment 782. This is because courts granting sentence reductions pursuant to Amendment 782 were not permitted—according to the Sentencing Guidelines—to reduce a defendant's sentence below the bottom of the adjusted advisory guideline range, unless the defendant had received the benefit of a substantial assistance motion. U.S.S.G. § 1B1.10(b)(1), (b)(2)(A).

In her written reply, Carter argues that the United States has not provided a sound basis for denying her a reduction. She notes that the government's position is not based on appropriate sentencing factors or any consideration of Carter as an individual. Instead, according to Carter, the government now pursues a blanket policy of asking courts to limit reductions consistent with U.S.S.G. § 1B1.10, despite the fact that "Section 404 of the First Step Act provides no such limitations on the district court." (Reply 2.) Quite simply, Carter contends that a sentence

---

[3] As discussed herein, this is so primarily because the sentencing court varied downward from the guideline range at the government's request, imposing a 180-month sentence when the bottom of the guideline range was 262 months.

reduction under the First Step Act is different than a reduction pursuant to a retroactive guideline amendment.

## C. Proportional Variances

The court agrees with Carter that nothing in the First Step Act limits the court's ability to impose a sentence below the adjusted guideline range commensurate with a variance sentence initially imposed, even where the reason for the variance was something other than substantial assistance. Indeed, Congress is presumed to have known of that restriction on guidelines-based reductions and could have included similar language in the text of the First Step Act, but it did not. Nor has the United States cited to any authority imposing such a restriction under the First Step Act. So, to the extent that the government is arguing the court lacks such authority, it is incorrect.

It seems that the government is making a more nuanced argument, though: that the court should not reduce sentences in cases like Carter's because doing so would create unwarranted sentencing disparities. The court acknowledges that, in considering whether to reduce a sentence under the First Step Act and how much of a reduction to give, the court must consider the factors in 18 U.S.C. § 3553(a), which include avoiding unwarranted sentencing disparities. The United States also is correct that defendants who received the benefit of Amendment 782 could not have received a sentence below the adjusted guidelines sentence except for substantial assistance. *United States v. Flowers*, 670 F. App'x 134, 135 (4th Cir. Nov. 3, 2016) (affirming denial of motion to reduce sentence under Amendment 782 and explaining that "the district court was without authority to resentence [the defendant] below the amended guideline range" "[b]ecause [his] sentence was not reduced to reflect his substantial assistance"); *see also United States v. Muldrow*, 844 F.3d 434, 438 n.3 (4th Cir. 2016) (explaining limitation).

But it does not appear to the court that a person who received the benefit of a Sentencing Guideline amendment would be precluded from seeking relief under the First Step Act. Section 404(c) precludes a court from "entertain[ing]a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." But those sections deal only with the statutory penalties. Certainly, the government has pointed to no authority that a defendant would be ineligible for relief under the First Step Act solely because he had previously received a sentence reduction based on a guideline amendment.

Moreover, this court has already—with the consent of the United States in some cases—imposed below-guidelines sentences under the First Step Act, even where there was not a substantial assistance departure. So, creating a rule now that the court will not do so could create unwarranted sentencing disparities between defendants whose First Step Act motions were granted earlier, before the United States changed its position on the issue.

Additionally, the court notes that there is always some inherent disparity between defendants when a retroactive change is made, simply based on timing. Some defendants who would have otherwise been eligible for relief and were released immediately preceding the passage of the Act, for example, might argue that they were denied the benefits of the Act.

In short, the court concludes that nothing precludes the court from granting a proportional variance below the adjusted guideline range. Instead, although avoiding unwarranted sentencing disparities is one of the factors the court must consider under 18 U.S.C. § 3553(a), the court concludes that a sentence of 129 months, followed by a four-year term of supervised release, is an appropriate sentence in this case.

The sentencing judge indicated that he was granting a downward variance based on the nature and circumstances of the offense and the history and characteristics of the defendant. Nothing about either of those factors has changed, and the United States has not pointed to any factual information about Carter in support of its request to deny her sentence reduction. In looking to those factors, the court finds that they also support the reduction requested here.

For example, although Carter's co-conspirator possessed a firearm, Carter did not. Moreover, the sentencing court adopted the PSR's conclusion that the co-conspirator's possession was not conduct reasonably foreseeable by Carter because the firearm was mostly kept inside a residence and there was no evidence that she had ever seen the firearm or been in the residence.

The court also notes that Carter appears to have had significant and long-term alcohol and drug addiction, beginning when she was a teenager. Many of her crimes were clearly tied to that addiction. Additionally, Carter has turned sixty years old this month, and that factor—in combination with the other factors set forth above—also supports the lesser sentence. Indeed, Section 603 of the First Step Act reduced the minimum age for consideration as an "elderly" offender eligible to be considered for home confinement from 65 to 60, thereby suggesting that Congress believed offenders aged 60 and over—in general terms, of course—to be less of a threat to the public and to require less deterrence than their younger counterparts.

Carter has submitted documentation from the BOP showing that she has maintained a clear disciplinary record for at least the past six months (Dkt. No. 167), and upon the court's inquiry to the BOP, the court has confirmed that she has a clear disciplinary record. She is currently working as a unit orderly, and she also has completed a number of educational courses,

multiple drug education programs, and earned certificates of completion in other life skills courses. (*Id.*) All of these efforts at rehabilitation further support the reduced sentence.

Considering the above circumstances and the other factors under 18 U.S.C. § 3553(a), the court concludes that a 129-month sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing. This is particularly true because Carter will also serve a four-year term of supervised release. That period of supervised release should assist Carter in transitioning to a law-abiding life and also provide additional protection for the public.

The court also addresses briefly the government's request that no reduction be made "that will result in a sentence less than time-served." (Am. Resp. 8.) For the reasons discussed in prior opinions of this court, the court finds that imposing a sentence less than time served could allow a defendant to "bank" time, which is inappropriate. *See, e.g.*, *United States v. Laguerre*, No. 5:02-cr-30098, 2019 WL 861417, at *3–*4 (W.D. Va. Feb. 22, 2019). The court expressly adopts its prior reasoning in *Laguerre* on that issue. Thus, Carter's sentence will be reduced to 129 months or time served, whichever is greater.

If this reduction results in her eligibility for immediate release, then the United States requests that the judgment "be stayed up to 10 days to allow the Bureau of Prisons sufficient time to process the defendant's release." (Am. Resp. 1 n.1.) The court will grant that request and will stay the effective date of its order for either the time it takes the Bureau of Prisons to process the release of the defendant from custody, or ten days, whichever is less.

### III.  CONCLUSION

For the foregoing reasons, this court will modify the defendant's sentence, under the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), to a term of imprisonment of 129 months or time served, whichever is greater, to be followed by four years of supervised release.  The remainder of Carter's criminal judgment will remain unchanged.  The effective date of the court's order shall be stayed for either the time it takes the Bureau of Prisons to process the release of the defendant from custody, or ten days, whichever is less.  An appropriate order will be entered.

The clerk is directed to provide a copy of this memorandum opinion and the accompanying order to all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered: June 13, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge